# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JAMES HEMPHILL, | CASE NO. 1:08CV0009 |
| PETITIONER, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| | MAGISTRATE JUDGE GREG WHITE |
| STUART HUDSON, WARDEN, MANSFIELD CORRECTIONAL INSTITUTION, | |
| RESPONDENT. | REPORT AND RECOMMENDATION |

Petitioner, James Hemphill ("Hemphill"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. Hemphill*, Cuyahoga County Court of Common Pleas Case No. 449097. Hemphill filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on January 2, 2008.[1] On May 27, 2008, Respondent Warden Hudson ("Respondent") filed his Answer/Return of Writ. (Doc. No. 9.) Hemphill filed his Traverse on June 26, 2008. (Doc. No. 10.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Hemphill's Petition be dismissed.

## I. Procedural History

### A. Conviction

On February 26, 2004, a Cuyahoga County Grand Jury indicted Hemphill on thirty-three counts of rape with twenty-two sexually violent predator specifications; thirty-three counts of

---

[1] A federal habeas petition is deemed filed on the day it is presented to the prison staff for mailing. *See Rules for Governance of 28 U.S.C. § 2254*, Rule 3(d); *Houston v. Lack*, 487 U.S. 266 (1988). Hemphill presented the Petition to prison staff for mailing December 26, 2007. Respondent has not raised the statute of limitations as a defense.

gross sexual imposition with twenty-two sexually violent predator specifications; and thirty-three counts of kidnapping, all with sexual motivation specifications. (Resp. Exh. 1.) At trial, after the State rested, Hemphill, through counsel, moved for acquittal pursuant to Criminal Rule 29, which was granted in part and denied in part. (Resp. Exhs. 2, 3.) Counts 88-99 (four counts of rape, four counts of gross sexual imposition, and four counts of kidnapping with sexual motivation specifications) were dismissed with prejudice. *Id*. Counts 1-66 were amended to reflect the date of the offenses as June 8, 2002 to June 8, 2003. *Id*. The Court deleted the "furthermore clause," alleging force in Counts 67-73. *Id*. Counts 67-87 were amended to reflect the date of the offenses as June 8, 2003 to July 4, 2003. *Id*. A jury found Hemphill guilty of the remaining 87 counts, including the specifications. (Resp. Exh. 3.)

On September 7, 2004, Hemphill was sentenced as follows:

Counts 1-22:   Rape, Life on each count.

Counts 23-44: Gross Sexual Imposition, 4 years on each count.

Counts 45-66: Kidnapping, 7 years on each count.

    Counts 1-66 to be served concurrently.

Counts 67-73: Rape, 7 years on each count.

Counts 74-80: Gross Sexual Imposition, 12 months on each count.

Counts 81-87: Kidnapping, 7 years on each count.

    Counts 67-87 to be served concurrently with each other but consecutively to
    Counts 1-66.

(Resp. Exh. 4.)

### B. Direct Appeal

Represented by new counsel, Hemphill filed a timely Notice of Appeal to the Eighth District Court of Appeals, Cuyahoga County, Ohio, raising five assignments of error:

1. Appellant Hemphill was denied his federal and state due process rights to notice as the offenses were not charged with sufficient specificity.

2. Appellant Hemphill's convictions of Rape, Gross Sexual Imposition and Kidnapping were not supported by sufficient evidence.

3. The offenses of kidnapping and rape, and the offenses of Gross Sexual Imposition

2

and Rape, are allied offenses under the facts of this case.

4. The trial court erred by allowing the prosecutorial [sic] to ask the appellant about the credibility of other witnesses.

5. The trial court failed to make the proper findings when imposing a consecutive sentence.

(Resp. Exh. 5.) On July 21, 2005, the Court of Appeals affirmed in part and vacated in part the judgment of the trial court. (Resp. Exh. 7.) The appellate court, relying on *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), held that the state had not established sufficient distinctions among the offenses charged; but, further held that a rational trier of fact could find Hemphill guilty of one count of gross sexual imposition, one count of forced rape of a child under thirteen, and one count of forced rape. *Id*. at ¶¶ 89-93, 112. The appellate court vacated Hemphill's remaining convictions. *Id*. It also found that the trial court did not make all the required findings to support imposing consecutive sentences. *Id*. at ¶ 111. The case was remanded for resentencing. *Id*. at ¶ 112.

On September 27, 2005, Hemphill was resentenced as follows:

Count 1, forced rape of a child under thirteen: mandatory life sentence.

Count 23, gross sexual imposition with a child under thirteen: 4 years.

Count 67, rape: 7 years.

All counts to run concurrently with each other.

(Resp. Exh. 8.)

Hemphill did not pursue a direct appeal to the Ohio Supreme Court.

### C. 26(B) Application to Reopen Appeal

On October 31, 2005, Hemphill, *pro se*, filed an application for reopening his appeal pursuant to Ohio App. R. 26(B) ("26(B) motion") claiming ineffective assistance of appellate counsel and raising seven assignments of error, only three of which he subsequently raised to the Ohio Supreme Court and are at issue here:

1. The Appellant was denied the effective assistance of Appellate counsel, when counsel failed to raise for Appellate review the issue of prosecutorial misconduct, where the prosecutor secured an indictment charging the Appellant, who has no prior convictions, as a "Sexually Violent Predator," forcing Mr. Hemphill to stand

3

> trial on a "No True Bill" instead of re-indicting the Appellant to preserve his right to Due Process.
>
> * * *
>
> 4. The Appellant was denied the effective assistance of Appellate counsel, when counsel failed to raise the issue of prosecutorial misconduct for Appellate review, where both prosecutors – knowingly – promoted false evidence to the petit jurors during trial and specifically in their closing arguments.
>
> * * *
>
> 6. The Appellant was denied effective assistance of [Appellate] counsel, when counsel failed to raise for Appellate review that trial counsel was ineffective for failing to object to the prosecution's repeated vouching 'for' and 'against' the credibility of witnesses and proffering personal opinion in their final closing arguments.
>
> * * *

(Resp. Exh. 9.) On August 23, 2006, the state appellate court in a written decision denied Hemphill's application to reopen. (Resp. Exh. 10.)

On October 10, 2006, Hemphill, *pro se*, filed a timely appeal to the Ohio Supreme Court raising the above three assignments of error as propositions of law. (Resp. Exh. 11.) On December 27, 2006, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Resp. Exh. 13.)

### E. Federal Habeas Petition

Hemphill's habeas petition raises a single ground for relief:

> **Ground One**: Ineffective assistance of appellate counsel for failure to raise, trial counsel's ineffectiveness and prosecutorial misconduct.
>
> **Supporting Facts**: Trial counsel failed to object to the prosecutor's; [sic] vouching for the truthfulness of state witnesses, statement that witness for the defendant lied, opining that witness for defendant lied, referring to witness for the defendant testimony as ridiculous and an absurdity, and petitioning the jury to base the defendant's credibility on the fact that he was indicted. Prosecutorial misconduct where the prosecutor; [sic] over nine objections knowingly elicited testimony from two state witnesses that he knew was false, indicting Petitioner, who has no prior felonies, as a 'Sexually Violent Predator' (O.R.C. 2971.01(H)(1)), where the Sexually Violent Predator specification (O.R.C. 2971.01) was bifurcated – prosecutor displayed improperly indicted spec. – *inter alia* – on a "bulletin board" for the entirety of the Petitioner's trial. *See* Constitutional Errors One, Two and Three in Habeas Memorandum.
>
> **Error One**: The Petitioner was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights under the

4

>United States Constitution and Article I Section 10 of the Ohio Constitution for failing to raise the issue that trial counsel was ineffective for failing to object to the prosecutor's vouching 'for' and 'against' the credibility of witnesses and proffering personal opinion in closing arguments, prejudicing the Petitioner to a more favorable adjudication on direct review.
>
>**Error Two**: Petitioner was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution for counsel's failure to raise the issue of prosecutorial misconduct where the prosecutor knowingly elicited false testimony from two state witnesses, thus prejudicing the Petitioner to a more favorable adjudication on direct review.
>
>**Error Three**: Petitioner was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution for counsel's failure to raise the issue kof [sic] prosecutorial misconduct where the prosecutor indicted the Petitioner, who has no prior felony convictions, as a 'Sexually Violent Predator,' thus prejudicing the Petitioner to a more favorable adjudication on direct review.

(Doc. No. 1.)

## II. Exhaustion and Procedural Default

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),(c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. *Id.*

5

Second, a petitioner may procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848-7, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-2 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28, 102 S.Ct. 1558. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.* Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

The Sixth Circuit uses a four-step analysis to determine whether a claim is procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir.1986). Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D.Ohio 2002).

A petitioner's procedural default may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) *quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.* However, it is not necessary to resolve the issue of prejudice if a petitioner has not shown

6

cause. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir.1983).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *See Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D.Ohio 2007).

Although Hemphill raises several sub-claims in his supporting facts and errors, they all rest upon the foundation of ineffective assistance of appellate counsel. The Court need not consider the individual sub-claims when determining whether the single ground of ineffective assistance of appellate counsel is procedurally defaulted.

Respondent argues that the entire petition should be dismissed because Hemphill's single ground for relief is procedurally defaulted as the state appellate court, applying the doctrine of *res judicata,* denied the application to reopen his appeal. The state appellate court set forth the following reasons:

> [P1] On October 31, 2005, Defendant James Hemphill filed a timely application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in *State v. Hemphill*, Cuyahoga App. No. 85431, 2005 Ohio 3726, in which we affirmed several of his convictions, vacated ninety-six additional counts, and remanded the matter for resentencing. For the following reasons, we decline to reopen Hemphill's appeal.
>
> [P2] The doctrine of *res judicata* prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of *res judicata*. See generally, *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Ohio Supreme Court has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of *res judicata* unless circumstances render the application of the doctrine unjust. *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
>
> [P3] In the instant case, Hemphill possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Ohio Supreme Court. However, Hemphill did not do so and has further failed to provide this court with any valid reason why no appeal was taken. *State v. Hicks* (Oct. 28, 1982), Cuyahoga App. No. 44456, 1982 Ohio App.

7

> LEXIS 15411, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St. 3d 1408, 637 N.E.2d 6. We further find that applying the doctrine of *res judicata* to this matter would not be unjust.

(Resp. Exh. 10.)

Even though the state appellate court applied *res judicata* and dismissed the Rule 26(B) motion, it also went on to review the individual sub-claims of ineffective assistance of appellate counsel and concluded that they were meritless. "[A] state court may uphold a defendant's conviction both on the merits and on procedural grounds. In such circumstances, *Hockenbury [v. Sowders*, 620 F.2d 111 (6th Cir. 1980), *cert. denied*, 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981) ] teaches that the procedural ground is a substantial basis of the state court's decision and that review of the merits on habeas is barred." *Ewing v. McMackin*, 799 F.2d 1143, 1149 (6th Cir. 1986) (*quoting Gilbert v. Parke*, 763 F.2d 821, 825 (6th Cir. 1985)).

The Sixth Circuit and the Ohio Supreme Court have held that a 26(B) motion is a collateral matter, not part of a direct appeal. *Lopez v. Wilson*, 426 F.3d 339, 351-353 (6th Cir. 2005); *Morgan v. Eads*, 104 Ohio St.3d 142, 148 (2004). Ohio law further provides that claims appearing on the face of the record must be raised on direct appeal. Failure to do so constitutes a procedural default under the doctrine of *res judicata*. *See Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)*; State v. Perry*, 10 Ohio St.2d 175, 226 (1967); *see also State v. Cole*, 2 Ohio St.3d 112 (1982) (applying *Perry* in the context of a petitioner's ineffective assistance of counsel claim and holding that it was barred by *res judicata*); *Powers v. Bobby*, 2008 WL 4823134 at *14-15, Case No. 1:08CV505 (N.D. Ohio Nov. 3, 2008) (petitioner's failure to raise ineffective assistance of appellate counsel claims on direct appeal to the Ohio Supreme Court where he was proceeding *pro se* resulted in procedural default.) Hemphill did not raise his ineffective assistance of appellate counsel claims on direct appeal before the Supreme Court of Ohio. Thus, he failed to comply with an applicable state procedural rule.

Under the second and third prongs of *Maupin*, the Sixth Circuit has stated that *res judicata* "is an actually enforced, adequate and independent state ground upon which the Ohio state courts consistently refuse to review the merits of a defendant's claims." *Powers* at *6; *see Coleman v. Mitchell,* 268 F.3d 417, 427 (6th Cir. 2001); *Williams v. Bagley*, 380 F.3d 932, 966-

8

67 (6th Cir. 2004); *Jacobs v. Mohr*, 265 F.3 407, 417 (6th Cir. 2001).

Lastly, under the fourth prong of *Maupin*, "[d]emonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) *quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986). Hemphill has not made such a showing. Indeed, he has not made such an argument.[2] Since Hemphill has failed to establish cause for his procedural default, there is no need to consider the issue of prejudice. *See Smith*, 477 U.S. at 533; *Long*, 722 F.2d at 289.

Finally, Hemphill, does claim actual innocence in his Petition. An actual innocence claim will only excuse a procedural default where it is supported by "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324; *Jones*, 489 F.Supp.2d at 807. Hemphill has provided no new evidence. Therefore, Hemphill's procedural default cannot be excused.

### III. Conclusion

For the foregoing reasons, it is recommended that Hemphill's Petition be dismissed.

                                                            s/ Greg White
                                                            United States Magistrate Judge

Dated:    March 3, 2009

**OBJECTIONS**
**Any objection to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

---

[2]In his Traverse, Hemphill claims that he did not violate applicable state procedural rules; and, that the lower court's decision was not based on a procedural rule that was adequate and independent. (Doc. No. 10, p. 8.)