**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **James Hemphill,** | ) | **CASE NO. 1:08 CV 009** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Stuart Hudson, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White (Doc. 12) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, James Hemphill**,** commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

The Magistrate Judge determined that petitioner procedurally defaulted his sole ground for habeas relief.  Petitioner objected to his findings. For the following reasons, the Court agrees with the Magistrate Judge.

The Petition asserts a claim for ineffective assistance of appellate counsel. Previously, petitioner attempted to file an application to reopen his appeal.  The state appellate court denied the application on the basis of *res judicata* and stated as follows:

> On October 31, 2005, Defendant James Hemphill filed a timely application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court...  in which we affirmed several of his convictions, vacated ninety-six additional counts, and remanded the matter for resentencing. For the following reasons, we decline to reopen Hemphill's appeal.
> 
> The doctrine of *res judicata* prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of *res judicata*. The Ohio Supreme Court has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.
> 
> In the instant case, Hemphill possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Ohio Supreme Court. However, Hemphill did not do so and has further failed to provide this court with any valid reason why no appeal was taken. We further find that applying the doctrine of *res judicata* to this matter would not be unjust.

*State v. Hemphill,* 2006 WL 2441647 (Ohio App. 8th Dist. Aug. 23, 2006) (internal citations

omitted). As acknowledged by that court, petitioner never pursued a direct appeal to the Ohio Supreme Court.

The *Maupin* analysis applicable to potentially procedurally defaulted claims has been satisfied. Petitioner did not comply with Ohio's state procedural rule requiring that he raise his claim for ineffective assistance of appellate counsel on direct appeal to the Ohio Supreme Court. The state appellate court actually enforced the state procedural sanction of *res judicata,* which has previously been determined to be an adequate and independent state ground upon which Ohio courts consistently refuse to review the merits of a claim. Nor has petitioner established cause for the procedural default.

Petitioner objects on the basis that his claim should not be considered procedurally defaulted because he filed a timely application to reopen his appeal in the state appellate court. It has been recognized, however, that while "Ohio appear[s] to have two procedural avenues for challenging appellate counsel's effectiveness (on direct discretionary appeal to the Ohio Supreme Court, or in a App. R. 26(B) application), ... [t]he claim must be presented to the Ohio Supreme Court on direct appeal." *Foster v. Money*, 2007 WL 3342725 (N.D.Ohio, November 8, 2007) "Only if a defendant is represented by the same counsel in both the Ohio Court of Appeals and the Ohio Supreme Court on direct appeal, may he raise the claim in a later App. R. 26(B) application." *Id.* Petitioner herein filed no direct appeal to the Ohio Supreme Court. Thus, his filing of a timely 26(B) application does not preserve his claim for adjudication on habeas proceedings.

The Court agrees that petitioner's claim is procedurally defaulted.

For the foregoing reasons, the Report and Recommendation is accepted, and the findings

3

and conclusions incorporated herein by reference. Accordingly, the Petition for Writ of Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

    IT IS SO ORDERED.


    /s/Patricia A. Gaughan
    PATRICIA A. GAUGHAN
    United States District Judge

Date:  4/21/09